## FOX v. SMITH.

Court of Appeals of District of Columbia.

Submitted November 8, 1928. Decided February 4, 1929.

No. 4691.

Benj. S. Minor, H. Prescott Gatley, and Arthur P. Drury, all of Washington, D. C., for appellant.

F. W. Clements and Lawrence H. Cake, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a judgment of the Supreme Court of the District of Columbia vacating an order of that court which reinstated this cause after its purported dismissal without prejudice by the clerk of that court under law rule 74 of the court.

On March 4, 1914, the appellant as plaintiff filed a declaration at law in the lower court against the appellee as defendant, and, after various interlocutory questions were

heard and decided, the pleadings were completed and the cause came regularly to issue on March 15, 1916. Note of issue and notice of trial were filed and calendared on March 21, 1916. No further action was had in the case until January 23, 1918, when it was continued for the term. On June 27, 1919, on order of the plaintiff the cause was again calendared for October, 1919. No other entry appears in the record until April 3, 1924, when the clerk of the court entered the cause as "Dismissed W. P.," meaning dismissed without prejudice, and that notice to this effect was served upon the plaintiff. On December 23, 1924, a motion was filed by plaintiff to vacate the entry of dismissal, and on January 5, 1925, the court ordered the dismissal vacated. On December 22, 1925, the cause was again calendared for trial. On February 3, 1927, the cause was ordered stricken from the trial calendar. On May 4, 1927, the defendant filed a motion to vacate the court's order of January 5, 1925, whereby the cause was reinstated, and this motion was sustained by the court, and the order of reinstatement was stricken out. The plaintiff appealed from this order.

█ The first important question raised by the appeal relates to the validity of the clerk's entry of dismissal without prejudice, dated April 3, 1924. The entry was made under the alleged authority of law rule 74 of the lower court, which reads as follows:

### "74. Dismissal of Causes.

"When any party to a cause other than criminal or bankruptcy is in default for failure to plead, or to notice for trial a cause in which an issue of law or of fact has been raised and such default has continued for one year, the clerk of this court shall enter in the docket the words 'Dismissed W. P.,' together with the date of such entry, meaning dismissed without prejudice and without costs to either party, and shall immediately give notice, in writing, of such action to counsel of record for plaintiff, or to plaintiff himself if no counsel of record for plaintiff appears; provided, however, that on application of either party and for cause shown, such cause so dismissed may be revived and its prosecution resumed, and for the purpose of such revival the term of court at which such entry is made is extended for a period of six months thereafter."

It will be observed that this rule grants authority to the clerk to enter such a dismissal when a party is in default for failure to plead, or to notice for trial a cause in which an issue of law or of fact has been raised

and such default has continued for one year. It is clear that the pleadings in this instance were complete at the time when the clerk entered the cause as dismissed, and that the order of dismissal cannot be justified upon that ground. The question remains whether the dismissal was authorized by a failure to notice the cause for trial and whether such default had continued for one year. The record discloses that the cause was noted and calendared for trial within a week after it came to an issue upon the pleadings. This was done in accordance with law rules 33, 34, and 35 of the court, which read as follows:

### "33. Note of Trial.

"When, in accordance with the provisions of these rules, a cause is at issue, either party may give notice of trial to the other.

### "34. Note of Issue.

"When a cause is at issue, either party, desiring the same to be calendared for trial, shall furnish the clerk a note of issue, containing—
"1. The title of the action.
"2. The names of the attorneys.
"3. Date when last pleading was filed.

### "35. Trial Calendar.

"Upon the filing of a note of issue, the clerk shall enter the cause upon the trial calendar, which latter shall be deemed to be continuing from term to term, but no case shall be placed upon such calendar while any issue of law is pending therein undetermined."

As we construe these rules they provide that, when the pleadings have come to issue, either party may cause it to be calendared for trial by giving proper notice to the clerk, whereupon the clerk shall enter the cause upon the trial calendar and it shall be continued thereon from term to term. And where a cause has been noted and calendared for trial, as was this one within a week after an issue was reached, it cannot be said that the parties are in default for notice for trial and that such default has continued for one year. A default for one year might be attributed to the parties did the rules require that such a notice should be given each term or every year, but we find no provision of this character in the rules. We are therefore convinced that the clerk was not authorized or empowered to dismiss the case on April 23, 1924, and that the entry of dismissal then made by him was utterly void and of no effect.

█ "In entering judgments the clerk acts in a purely ministerial capacity, and exercises

no judicial functions; he acts merely as an agent to write out and place upon the record judgments which he is authorized and directed by law to enter. Provided the cause is ripe for entry of judgment, and there is no stay or order to the contrary, the clerk is authorized and it is his ministerial duty to enter upon the record all judgments rendered by the court and certain judgments authorized by statute in specified cases where judicial action is not necessary, such as judgments by confession, default consent, offer or admission, such authority extends only to the entering of the judgment exactly as it was rendered by the court, without addition, diminution or change of any kind; and a judgment entered by a clerk who had no authority to enter it at all, or to enter it in the form in which it was entered, is void." 34 C. J. p. 59.

Inasmuch, therefore, as the original order of dismissal was void, it follows that the order vacating the dismissal was unnecessary and vain, and that the subsequent order vacating that last named was equally so. For in contemplation of law the cause was not, and is not, dismissed, but is deemed to be pending in the lower court.

Accordingly, the judgment appealed from is reversed at the costs of appellee, and the cause is remanded for further proceedings not inconsistent herewith.